UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

For Online Publication Only

-----------------------------------------------------------------------X
KASHON SQUIRE, 23-B-0588,

                      Petitioner,

                      **MEMORANDUM & ORDER**
                      24-CV-4174 (JMA)

        -against-

Mr. MICKCORR RAYMOND NEW,

                    Respondent.

FILED
CLERK
11:37 am, Aug 01, 2024
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

-----------------------------------------------------------------------X

**AZRACK, United States District Judge:**

    Pro se Petitioner Kashon Squire moves under 28 U.S.C. § 2254 to vacate his assault conviction that resulted from his guilty plea in a County Court in Riverhead, New York. (See generally Pet. for Writ of Habeas Corpus ("Petition"), ECF No. 1.) Petitioner also seeks leave to proceed in forma pauperis. (ECF No. 7.) Upon review of that submission, the Court finds that petitioner is qualified by his reported financial status to commence this action without prepayment of the filing fees. Accordingly, Petitioner's in forma pauperis application is GRANTED.

    The Court has initially reviewed the Petition under Rule 4 of the Rules Governing Section 2254 Cases. As a result, and as explained below, the Petition is DISMISSED WITHOUT PREJUDICE because Petitioner has not exhausted his remedies in state court.

                               **I.    BACKGROUND**

    At an unspecified time, Petitioner pled guilty in "Riverhead County Court" to "Assault 3rd." (Petition, ECF No. 1 ¶¶ 1, 5-6); see also N.Y. PENAL LAW § 120.00 (defining and prohibiting Assault in the Third Degree). On August 18, 2021, Petitioner was sentenced for that conviction to an incarceratory term of one to three years. (Petition, ECF No. 1 ¶¶ 1-6.) Petitioner has not filed any appeal regarding his conviction with a higher state court or otherwise filed any petition,

application, or motion in state court concerning his conviction. (Id. ¶¶ 8-10.) Petitioner did not do so because he "d[oes not] know how to do paperwork and [is] unorganized." (Id. ¶ 12.)

Petitioner filed the Petition with this Court in June 2024. (see generally, id.) In sum, Petitioner contends that there was "no evidence" to arrest him and that he can now show that he was "sleep[ing]" when the crime occurred. (Id. ¶ 12.)

## II.  LEGAL STANDARDS

### A.  Overview of AEDPA

Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), to restrict "the power of federal courts to grant writs of habeas corpus to state prisoners." Williams v. Taylor, 529 U.S. 362, 399 (2000) (O'Connor, J., concurring). Under AEDPA, a prisoner may file a habeas corpus petition "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). To make that showing, the petitioner must demonstrate: (1) the exhaustion of state remedies, (2) the absence of a procedural bar, and (3) satisfaction of AEDPA's deferential review of state court decisions. See id. § 2254.

### B.  Exhaustion

A federal court cannot review a habeas petition unless the petitioner "has exhausted the remedies available" in state courts. Id. § 2254(b)(1)(A). This requirement affords state courts the "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Jackson v. Edwards, 404 F.3d 612, 619 (2d Cir. 2005) (quoting Picard v. Connor, 404 U.S. 270, 275 (1971)). Thus, a petitioner must show that he fairly presented his federal claim to the highest state court from which a decision can be rendered. Daye v. Attorney Gen. of New York, 696 F.2d 186, 190 n.3 (2d Cir. 1982) (en banc). Although the petitioner need not "'cite chapter and verse of the

Constitution in order to satisfy this requirement,' he must tender his claim 'in terms that are likely to alert the state courts to the claim's federal nature.'" Jackson v. Conway, 763 F.3d 115, 133 (2d Cir. 2014) (quoting Carvajal v. Artus, 633 F.3d 95, 104 (2d Cir. 2011)).  Exhaustion is also essential because determining the merits of a habeas corpus petition from a state prisoner requires applying § 2254's standard of review to the "last reasoned" state court decision.  McCray v. Capra, 45 F.4th 634, 640 (2d Cir. 2022) (quoting Ylst v. Nunnemaker, 501 U.S. 797, 804 (1991)).

**C.     Petitioner's Pro Se Status**

Given his pro se status, the Court construes Petitioner's submissions liberally and interprets them "to raise the strongest arguments that they suggest."  United States v. Pilcher, 950 F.3d 39, 44 (2d Cir. 2020) (per curiam) (quoting McLeod v. Jewish Guild for the Blind, 864 F.3d 154, 156 (2d Cir. 2017) (per curiam)).  This policy is "driven by the understanding that implicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training."  McLeod, 864 F.3d at 156 (emphasis added; internal quotation marks omitted).  This liberal interpretation of Petitioner's submissions, however, "does not exempt [Petitioner] from compliance with relevant rules of procedural and substantive law."  E.g., United States v. Starling, 76 F.4th 92, 99 (2d Cir. 2023) (quoting Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983)); see Faretta v. California, 422 U.S. 806, 834 n.46 (1975) (similar).

### III.     DISCUSSION

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies."  Baldwin v. Reese, 541 U.S. 27, 29 (2004) (citing 28 U.S.C. § 2254(b)(1)).  Thus, "the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature

of the claim." Id. (quoting Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam)). Petitioner, however, acknowledges that he has not appealed his conviction at all, let alone to the highest state court on the grounds asserted in the Petition. (See Petition, ECF No. 1 ¶¶ 8-10.) Given that petitioner has not yet exhausted his state court remedies, the Petition is DISMISSED WITHOUT PREJUDICE.[1]  See 28 U.S.C. § 2254; Green v. Quiros, No. 21-1160, 2023 WL 4345405, at *1 (2d Cir. July 5, 2023); Bowman v. Capra, No. 21-1822, 2023 WL 4339502, at *2 (2d Cir. July 5, 2023); Roberites v. Colly, 546 F. App'x 17, 20 (2d Cir. 2013); see also Rule 4 of the Rules Governing Section 2254 Cases ("[I]f it plainly appears from the face of petition . . . that petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

## IV. CONCLUSION

For the reasons set forth above, the application to proceed in forma pauperis is GRANTED and the Petition is DISMISSED WITHOUT PREJUDICE. A certificate of appealability shall not issue because Petitioner has not made a substantial showing that he was denied any constitutional rights. See 28 U.S.C. § 2253(c)(2). The Court certifies that any appeal of this Memorandum & Order would not be taken in good faith and thus in forma pauperis status is denied for any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of the Court is respectfully directed to mail a copy of this Memorandum & Order to Petitioner and to close this case.

**SO ORDERED.**

Dated:   August 1, 2024
         Central Islip, New York

                                       (/s/ JMA)
                                       JOAN M. AZRACK
                                       UNITED STATES DISTRICT JUDGE

---

[1] Petitioner has not alleged that there is no available state process or that any circumstances render such process ineffective to protect his rights.